IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | |
|---|---|
| v. | Criminal No. 14-158 |
| JAVED SUNESRA<br>ZUNED SUNESRA<br>BISMILLA SUNESRA<br>TAIMUR KHAN | (UNDER SEAL) |

FILED
JUN 17 2014
CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

### INDICTMENT MEMORANDUM

AND NOW comes the United States of America, by its attorneys, David J. Hickton, United States Attorney for the Western District of Pennsylvania, and Eric S. Rosen, Assistant United States Attorney for said District, and submits this Indictment Memorandum to the Court:

### I. THE INDICTMENT

A Federal Grand Jury returned a seventeen-count Indictment against the above-named defendants for alleged violations of federal law:

| COUNT | OFFENSE/DATE | TITLE/SECTION | DEFENDANTS CHARGED |
|---|---|---|---|
| 1 | Conspiracy to commit crimes against the United States. Beginning as early as January 6, 2006, and continuing until at least April, 2014. | 18 U.S.C. § 371 | JAVED SUNESRA<br>ZUNED SUNESRA<br>BISMILLA SUNESRA |

| | | | |
|---|---|---|---|
| 2-9 | Distribution of misbranded drugs.<br>On or about<br>September 6, 2012 (Count 2)<br>September 29, 2012 (Count 3)<br>November 30, 2012 (Count 4)<br>January 30, 2013 (Count 5)<br>April 3, 2013 (Count 6)<br>April 30, 2013 (Count 7)<br>May 20, 2013 (Count 8)<br>August 2, 2013 (Count 9). | 21 U.S.C. §§ 331(a) and 333(a)(2)<br>18 U.S.C. § 2 | JAVED SUNESRA<br>ZUNED SUNESRA<br>BISMILLA SUNESRA |
| 10 | Conspiracy to commit wire and mail fraud.<br>In and around 2005 to in and around April, 2014. | 18 U.S.C. § 1349 | JAVED SUNESRA<br>ZUNED SUNESRA<br>BISMILLA SUNESRA<br>TAIMUR KHAN |
| 11 | Conspiracy to import controlled substances.<br>From in and around September, 2012, and continuing thereafter to in and around April, 2013. | 21 U.S.C. § 963 | JAVED SUNESRA<br>ZUNED SUNESRA<br>BISMILLA SUNESRA |
| 12-14 | Importation of controlled substances.<br>On or about<br>September 20, 2012 (Count 12)<br>February 15, 2013 (Count 13) | 21 U.S.C. §§ 952(b), 960(a)(1) and 960(b)(6),<br>18 U.S.C. § 2 | JAVED SUNESRA<br>ZUNED SUNESRA<br>BISMILLA SUNESRA |

2

|  |  |  |  |
|---|---|---|---|
|  | April 12, 2013<br>(Count 14) |  |  |
| 15-17 | Distribution of a Schedule IV controlled substance.<br>On or about<br>September 20, 2012<br>(Count 15)<br>February 15, 2013<br>(Count 16)<br>April 12, 2013<br>(Count 17) | 21 U.S.C. §§ 841(a)(1) and 841(b)(2)<br>18 U.S.C. § 2 | JAVED SUNESRA<br>ZUNED SUNESRA<br>BISMILLA SUNESRA |

## II.   ELEMENTS OF THE OFFENSES

A.   As to Count 1:

In order for the crime of conspiracy to commit crimes against the United States, in violation of 18 U.S.C. § 371, to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1.   That two or more persons agreed to commit offenses against the United States, as charged in the Indictment;

2.   That the defendant was a party to or member of that agreement;

3.   That the defendant joined the agreement or conspiracy knowing of its objectives to commit offenses against the United States and intending to join together with at least

one other alleged conspirator to achieve those objectives; that is, that the defendant and at least one other alleged conspirator shared a unity of purpose and the intent to achieve common goals or objectives, to commit offenses against the United States; and

    4. That at some time during the existence of the agreement or conspiracy, at least one of its members performed an overt act in order to further the objectives of the agreement.

    Third Circuit Model Criminal Jury Instruction 6.18.371A.

    B.    As to Counts 2-9:

    In order for the crime of distribution of misbranded drugs, in violation of 21 U.S.C. §§ 331(a) and 333(a)(2), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

    1.    That the item listed in the Indictment was a drug.

    2.    That the defendant introduced or delivered for introduction into interstate commerce, or caused its introduction into interstate commerce, or aided and abetted its introduction into interstate commerce, the item on or about the date specified in the Indictment.

    3.    That the item was misbranded.

C.  **As to Count 10:**

In order for the crime of conspiracy to commit wire and mail fraud, in violation of 18 U.S.C. § 1349, to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. That the conspiracy, agreement, or understanding to commit violations of 18 U.S.C. §§ 1341 and 1343, as described in the Indictment, was formed, reached, or entered into by two or more persons.

2. At some time during the existence of the conspiracy, agreement or understanding, the defendant knew the purpose of the agreement, and, with that knowledge, then deliberately joined the conspiracy, agreement or understanding.

> O'Malley, Grenig and Lee, 2 Federal Jury Practice and Instructions § 31.03 (2002) (revised to exclude overt act requirement, see Whitfield v. United States, 125 S.Ct. 687, 691 (2005); United States v. Shabani, 513 U.S. 10, 16 (1994)).

D.  **As to Count 11:**

In order for the crime of conspiracy to import controlled substances, in violation of 21 U.S.C. § 963, to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

5

      1.    That two or more persons agreed to import a controlled substance.

      2.    That the defendant was a party to or member of that agreement.

      3.    That the defendant joined the agreement or conspiracy knowing of its objective to import a controlled substance and intending to join together with at least one other alleged conspirator to achieve that objective; that is, that the defendant and at least one other alleged conspirator shared a unity of purpose and the intent to achieve that objective.

      4.    That Carisoprodol is a Schedule IV controlled substance, pursuant to 21 U.S.C. Section 812(c).

      5.    That the conspiracy had the specific unlawful purpose of importing Carisoprodol into the United States for no lawful purpose, in violation of Title 21 United States Code, Section 952(b).

    E.    **As to Counts 12-14:**

In order for the crime of importation of controlled substances, in violation of 21 U.S.C. §§ 952(b), 960(a)(1) and 960(b)(6), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

      1.    That on or about the date charged in the Indictment, the defendant knowingly imported Carisoprodol into the United States, or aided and abetted said importation, and;

2. That the defendant knew that it was Carisoprodol or some other prohibited drug.

**F.   As to Counts 15-17:**

In order for the crime of distribution of a Schedule IV controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(2), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. That on or about the dates set forth in the Indictment, the defendant distributed the controlled substance charged in the Indictment, or aided and abetted the distribution of the controlled substance;

2. That the defendant did so knowingly and intentionally;

3. That Carisoprodol is a Schedule IV controlled substance, pursuant to 21 USC Section 812(c).

### III.   PENALTIES

**A.   As to Count 1: Conspiracy to commit crimes against the United States (18 U.S.C. § 371):**

1. Individuals - The maximum penalties for individuals are:

   (a) imprisonment of not more than 5 years (18 U.S.C. § 371);

   (b) a fine not more than the greater of;

      (1) $250,000 (18 U.S.C. § 3571(b)(3));

or

    (2) an alternative fine in an amount not more than the greater of twice the gross pecuniary gain to any person or twice the pecuniary loss to any person other than the defendant, unless the imposition of this alternative fine would unduly complicate or prolong the sentencing process (18 U.S.C. § 3571(d));

  (c) a term of supervised release of not more than three (3) years (18 U.S.C. § 3583);

  (d) Any or all of the above.

 B. **As to Counts 2-9: Distribution of misbranded drugs (18 U.S.C. §§ 331(a) and 333(a)(2)):**

  1. Imprisonment of not more than 3 years;

  2. A fine of not more than $250,000;

  3. A term of supervised release of not more than one (1) year.

 C. **As to Count 10: Conspiracy to commit wire and mail fraud (18 U.S.C. § 1349):**

  1. Imprisonment of not more than 20 years (18 U.S.C. § 1349);

  2. A fine not more than the greater of;

   (a) $250,000 (18 U.S.C. § 3571(b)(3));

or

(b) an alternative fine in an amount not more than the greater of twice the gross pecuniary gain to any person or twice the pecuniary loss to any person other than the defendant, unless the imposition of this alternative fine would unduly complicate or prolong the sentencing process (18 U.S.C. § 3571(d));

    3. A term of supervised release of not more than three (3) years (18 U.S.C. § 3583);

    4. Any or all of the above.

    D. **As to Count 11: Conspiracy to import controlled substances (21 U.S.C. § 963):**

    1. Imprisonment of not more than 5 years;

    2. A fine of not more than $250,000;

    3. A term of supervised release of at least one year.

    E. **As to Counts 12-14: Importation of controlled substances (21 U.S.C. §§ 952(b), 960(a)(1) and 960(b)(6)):**

    1. Imprisonment of not more than 5 years;

    2. A fine of not more than $250,000;

    3. A term of supervised release of at least one (1) year.

    F. **As to Counts 15-17: Distribution of a Schedule IV controlled substance (21 U.S.C. §§ 841(a)(1) and 841(b)(2)):**

    1. Imprisonment of not more than 5 years;

        2.    A fine of not more than $250,000;

        3.    A term of supervised release of not more than one (1) year.

### IV.  MANDATORY SPECIAL ASSESSMENT

A mandatory special assessment of $100.00 must be imposed at each count upon which the defendant is convicted, pursuant to 18 U.S.C. § 3013.

### V.  RESTITUTION

Not applicable in this case.

### VI.  FORFEITURE

As set forth in the Indictment, forfeiture may be applicable in this case.

                                            Respectfully submitted,

                                            DAVID J. HICKTON
                                            United States Attorney

                                            ERIC S. ROSEN
                                            Assistant U.S. Attorney
                                            NY ID No. 4412326